113 F.3d 1242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger NICHOLSON and Ambrose McAuliffe, Plaintiffs-Appellants,
v.
UNITED STATES of America, Secretary, United States
Department of the Interior, Defendants-Appellees.
 No. 95-36266.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997.
Decided April 30, 1997.
 
 1
 Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Roger Nicholson and Ambrose McAuliffe appeal from the district court's dismissal of their claims under the Endangered Species Act ("ESA") and the Administrative Procedures Act ("APA"). Appellants claim that the Secretary of the Interior, through the Fish and Wildlife Service ("FWS"), violated the ESA by basing a proposed rule designating critical habitat, which encompasses Appellants' land, on an allegedly biased economic study. The district court held that Appellants' claims are unripe and that they lack standing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 4
 Both ripeness and standing are questions of law which we review de novo. Takhar v. Kessler, 76 F.3d 995, 999 (9th Cir.1996). For purposes of review, we "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975).
 
 II.
 
 5
 Ripeness is an element of subject matter jurisdiction. If a claim is unripe, the district court lacks jurisdiction to hear it. Shelter Creek Dev. Corp. v. City of Oxnard, 838 F.2d 575, 577 (9th Cir.), cert. denied, 488 U.S. 857 (1988). A claim is ripe if the issues are fit for judicial decision and a party will suffer undue hardship if the court withholds consideration. Abbott Laboratories v. Gardner, 387 U.S. 136, 149 (1967); Assiniboine and Sioux Tribes v. Board of Oil & Gas, 792 F.2d 782, 788 (9th Cir.1986).
 
 A.
 
 6
 The APA provides for judicial review only of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. An administrative action that has not yet been enforced may be ripe for review if it is both final and "purely legal," or if additional factual development will not render the issue for decision more concrete. Abbott Laboratories, 387 U.S. at 149; see also Assiniboine, 792 F.2d at 789; Western Oil and Gas Ass'n v. U.S. Envtl. Protection Agency, 633 F.2d 803, 807 (9th Cir.1980).
 
 
 7
 Appellants have identified the "final action" they challenge as, variously, the proposed critical habitat designation, the FWS's contract for the allegedly biased economic impact study, or
 
 
 8
 the whole action which culminated in expressing the conclusion upon which the proposal depended[;] ... purchasing and relying exclusively upon a study to conclude that there was no economic significance in specifying the area as critical habitat, so as to validate [the Secretary's] identification and permit the proposed rule to be published.
 
 
 9
 Appellants' Reply Brief at 1-2. None of these steps in the FWS's regulatory process is a final agency action.
 
 
 10
 Agency action may be "final" if at least two conditions are satisfied: "First, the action must mark the 'consummation' of the agency's decisionmaking process ...--it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.' " Bennett v. Spear, --- S.Ct. ----, 1997 WL 119566, * 14 (U.S. Mar. 19, 1997) (citations omitted). Here, both the contract for preparation of the report and the proposed designation are interlocutory or tentative steps in the FWS's decisionmaking process. This is demonstrated by the fact that the proposed rule explicitly invited comments on the economic impact analysis and the proposed designation of particular areas as critical habitat. See 59 Fed.Reg. 61744, 61754 (Dec. 1, 1994). Neither the contract nor the proposed designation represents "a definitive statement of the agency," Assiniboine, 792 F.2d at 789.
 
 
 11
 Moreover, Appellants' complaint alleges only that "designating plaintiffs' real property as critical habitat will have severe and adverse economic impact." (emphasis added). Appellants' land has not yet been designated in a final rule. In contrast to a final designation of critical habitat, the proposed designation has no legal status or effect. See Assiniboine, 792 F.2d at 789. It imposes only a nonbinding requirement on federal agencies to confer with the Secretary before taking action that may destroy or adversely modify proposed critical habitat. 16 U.S.C. § 1536(a)(4); 50 C.F.R. 402.10. While this nonbinding requirement took effect when the FWS issued its proposal, Appellants themselves have no obligation to "comply" with the proposal's terms. See Assiniboine, 792 F.2d at 789. Thus, neither the contract nor the proposed designation "has direct and immediate effects on [Appellants'] day to day business." Id.
 
 
 12
 Furthermore, because the FWS is still considering public comments on the proposed designation and the economic impact analysis, and has yet to issue a final designation including Appellants' property, "court review will interfere with the proper functioning" of the FWS. Id. We therefore conclude that Appellants have identified no "final agency action" as required for judicial review under the APA.
 
 
 13
 Nor is this a "purely legal" matter in which the issues will not benefit from additional factual development. In determining whether a challenged action is final, the court also must consider whether subsequent agency proceedings may obviate the need for judicial review. FTC v. Standard Oil Co., 449 U.S. 232, 244 n. 11 (1980); Sierra Club v. U.S. Nuclear Regulatory Comm'n, 825 F.2d 1356, 1362 (9th Cir.1987). The FWS has solicited comments on the economic impacts of the proposed designation and information about whether any areas should be excluded from the final designation. See 59 Fed.Reg. at 61754. Appellants remain free to submit comments challenging the economic impact findings and recommending that their property be excluded from the critical habitat area. See 16 U.S.C. § 1533(b)(2); 50 C.F.R. § 424.19. Even if Appellants themselves do not avail themselves of the opportunity to submit comments and attend public hearings on the proposal, the final critical habitat designation still may exclude their property. The issues Appellants raise require additional factual development and are unripe for judicial review.
 
 B.
 
 14
 Appellants also fail to show that withholding judicial review will result in direct and immediate hardship to them, entailing more than potential financial loss. See Abbott Laboratories, 387 U.S. at 152. The complaint alleges that the proposed designation will subject Appellants' property to the burdens of the ESA. It further alleges that the proposal violates Appellants' "fundamental right to an unbiased agency consideration of a designating rule" and that this violation "cannot be adequately redressed by permitting the agency process to pursue its course."
 
 
 15
 However, the proposed designation does not directly burden Appellants and does not prevent them from using their land or exercising their water rights. And while the proposed designation may, as Appellants claim, have caused the value of their property to drop, any permanent change in value depends on whether the property is included in the final critical habitat designation.[1]
 
 
 16
 Thus, Appellants will not experience undue hardship if the court withholds review until the FWS issues a final critical habitat designation. Their claims are unripe, and the district court properly dismissed the complaint.
 
 III.
 
 17
 Because we conclude that Appellants' claims are unripe, we need not address whether they also lack standing.
 
 
 18
 AFFIRMED.
 
 
 
 *
 Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In the takings context, the Supreme Court has held that a reduction or increase in the value of property resulting from legislation authorizing a project is an "incident of ownership" and not a compensable takings. Danforth v. United States, 308 U.S. 271, 285 (1939); see also First English Evangelical Lutheran Church of Glendale v. Los Angeles County, 482 U.S. 304, 320 (1987) ("depreciation in value of the property by reason of preliminary activity is not chargeable to the government."); Agins v. Tiburon, 447 U.S. 255, 263 n. 9 (1980) ("[m]ere fluctuations in value during the process of governmental decisionmaking, absent extraordinary delay, are 'incidents of ownership.' ")